IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

RYAN ABAIR,
Plaintiff-Appellant,

v.

FASHION NOVA, INC.,
Defendant

I. JURISDICTIONAL STATEMENT

This appeal is before the Ninth Circuit Court pursuant to 28 U.S.C. § 1291 following the final decision of the district court.

II. ISSUES PRESENTED FOR REVIEW

1. Did the district court overlook substantial and repeated evidence of copyright infringement and intellectual property theft?

2. Does constitutional law support the plaintiff's right to compensation without coercion into involuntary actions?

3. Are the defendants liable to compensate the plaintiff for repeated unauthorized exploitations of intellectual property?

III. STATEMENT OF THE CASE

- Plaintiff Ryan Abair initiated legal action against Fashion Nova for significant instances of copyright infringement and intellectual property theft. The district court's dismissal, despite clear evidence of multiple infringements, is being robustly contested.

IV. STATEMENT OF FACTS

- Ryan Abair, owner of the infringed intellectual property, has experienced unauthorized exploitation by Fashion Nova on multiple occasions since the initial incident.

- The district court's dismissal failed to consider the ongoing infringement and the plaintiff's constitutional protections against forced servitude.

- Plaintiff seeks rightful compensation for repeated offenses, clearly warranted by the law.

V. SUMMARY OF ARGUMENT

-The decision to dismiss this case ignores compelling, repeated evidence of infringement and violates constitutional protections. The plaintiff's entitlement to compensation is both legally and morally imperative.

VI. ARGUMENT

Point I: Repeated Intellectual Property Infringement**

- Plaintiff presents clear and repeated evidence of infringement, detailing the defendants' continuous unauthorized use of protected works, which the district court unjustly overlooked.

Point II: Constitutional Guarantees and Entitlement to Compensation**

- The court has no authority to support actions leading to involuntary servitude or denying rightful compensation. The plaintiff's claim is supported by constitutional and statutory provisions that mandate compensation for repeated unauthorized use of intellectual property.

-The continuous unauthorized use of the plaintiff's work is a violation of statutory rights under the Copyright Act, mandating compensation.

-The Fifth Amendment prohibits the taking of private property for public use without just compensation, a principle mirrored in the protection of intellectual property.

The inability of the court to acknowledge the clear visual evidence suggests a need for reconsideration, as errors in judgment cannot negate statutory entitlements.

Judicial oversight cannot overlook or deny compensation for clear violations of intellectual property rights.

COULD THERE BE CONFLICTS OF INTEREST, OR POTENTIAL BIAS?:

These actions are why the infringers believe they will never be liable. They have stolen more than several times since this matter has occurred.

If someone is not held accountable for this role, it allows the principal criminal to go unpunished.

In cases of organized crime or systemic issues ( i.e., human trafficking, fraud, etc.), not holding enablers accountable means that the victims may never see justice. The criminal enterprise can continue operating without facing the full force of the law.

A judge dismisses cases without justifiable cause, especially when there is strong evidence of criminal activity (i.e., neglecting cases involving corruption, fraud, or violence).

CONCLUSION

The overwhelming evidence and statutory mandates call for the reversal of the district court's decision, ensuring defendants provide due compensation for repeated infringements. The legal framework supports the plaintiff's claim unequivocally.

CERTIFICATE OF COMPLIANCE

Respectfully Submitted,

Ryan.A

CERTIFICATE OF SERVICE

E-filed on March 13, 2025, serving all parties through the court's electronic filing system.

IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RYAN ABAIR, Plaintiff-Appellant,

v.

FASHION NOVA, INC., Defendant-Appellee.

APPELLANT'S OPENING BRIEF

On Appeal from THE UNITED STATES DISTRICT COURT CENTAL DISTRICT OF CALIFORNIA

DATED: March 13, 2025

TABLE OF CONTENTS

1. Jurisdictional Statement

2. Issues Presented for Review

3. Statement of the Case

4. Statement of Facts

5. Summary of Argument

6. Argument

7. Repeated Intellectual Property Infringement

8. Constitutional Guarantees and Entitlement to Compensation

9. Conclusion

10. Certificates of Compliance and Service

11. Exhibits A,B,C

RYAN ABAIR
Plaintiff,

v. Case No. 5:25-cv-00087-JGB-DTB

22-1154

FASHION NOVA
Defendant.

MOTION TO REINSTATE COPYRIGHT INFRINGEMENT CLAIM AND GRANT RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, RYAN ABAIR, by and through their attorney, hereby moves this Court to reinstate Plaintiff's copyright infringement claim against Defendant FASHION NOVA, Plaintiff asserts that despite any alleged issues with the copyright registration process, they are the rightful owner of the copyrighted work titled (R.A 23-24 art, apparel, misc goods. and 1 Other Unpublished Works) and entitled to relief for the Defendant's unlawful use of that work.

I. BACKGROUND

Plaintiff's Copyright: Plaintiff is the original creator and owner of the work titled (R.A 23-24 art, apparel, misc goods. and 1 Other Unpublished Works)which is protected under 17 U.S.C. § 106. Plaintiff holds a valid copyright registration for this work, and any error in registration was inadvertent and does not invalidate the copyright. Plaintiff has taken the necessary steps to protect the Work under the law.

Defendant's Infringement: Defendant has been unlawfully reproducing, distributing, and publicly displaying the Work without permission, violating Plaintiff's exclusive rights under 17 U.S.C. § 106. Despite Plaintiff's clear ownership of the Work, Defendant has refused to cease its infringing activities or compensate Plaintiff for the damages caused.

II. LEGAL ARGUMENTS

Plaintiff's Copyright is Valid: Even if there was a minor error in the registration process, the Copyright Act under 17 U.S.C. § 410(c) provides that a copyright registration is presumed valid. The Plaintiff is the rightful owner of the Work and has exclusive rights to it. Defendant's claim that the copyright is invalid based on a registration issue should be rejected. Any administrative error, if present, does not negate the fact that Plaintiff owns the copyright.

Infringement is Clear: The Defendant has used Plaintiff's Work without permission, which constitutes infringement under 17 U.S.C. § 106. Plaintiff is entitled to relief, including actual damages, and statutory damages for willful infringement under 17 U.S.C. § 504. The Defendant's actions have caused financial harm and damage to Plaintiff's reputation, and Defendant's conduct cannot be allowed to continue.

Presumption of Validity of Copyright: 17 U.S.C. § 410(c) provides that "a certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright". This statute establishes that Plaintiff's copyright registration is presumed valid, and the burden is on the Defendant to rebut that presumption. Even if there was an error in the registration, the copyright remains valid unless the error was made with the intent to deceive.

Registration Errors Do Not Invalidate Copyright: The U.S. Supreme Court in H&M v. Unicolors, Inc. held that minor errors in the copyright registration process do not invalidate the copyright, as long as the error was inadvertent and not made with fraudulent intent. 17 U.S.C. § 411(b) also provides that a copyright holder is not prevented from suing for infringement if the registration was obtained by error and the error was not made with fraudulent intent.

Defendant's Willful Infringement: Defendant's actions constitute willful infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106. The Defendant has knowingly reproduced and distributed Plaintiff's copyrighted Work without permission. Under 17 U.S.C. § 504(c)(2), Plaintiff is entitled to statutory damages of up to $150,000 for each act of willful infringement.

Plaintiff Has Provided Sufficient Information: The information provided in Plaintiff's registration, including Exhibit A (registration certificate), and Exhibit B (proof of infringement), fully complies with the requirements of the Copyright Act and supports Plaintiff's claim of ownership and infringement. 17 U.S.C. § 410(a) states that the certificate of registration issued by the U.S. Copyright Office is prima facie evidence of the facts stated in the certificate, including ownership and the validity of the copyright.

**Defendant Cannot Dispute Validity of Copyright:** Under 17 U.S.C. § 411(a), a copyright holder may bring an action for infringement after registration, and the validity of the copyright cannot be contested by the Defendant unless they can show fraud or bad faith during the registration process. Since Plaintiff's registration was made in good faith and in compliance with the law, Defendant is barred from contesting the validity of Plaintiff's copyright.

**Plaintiff's Copyright is Sufficiently Registered:**
The U.S. Copyright Office issued a valid registration for the Work, and Exhibit A serves as prima facie evidence of the validity of the copyright under 17 U.S.C. § 410(c). The fact that Plaintiff's registration has been issued and the work has been publicly registered satisfies the requirements of the Copyright Act. The information provided in the registration is sufficient to establish Plaintiff's rights and ownership of the work.

**Good Faith Registration:** Any error made in the registration process by Plaintiff was inadvertent and not made with the intent to deceive. Plaintiff has complied with the legal requirements of the Copyright Act and has acted in good faith throughout the process. As established by 17 U.S.C. § 410(a), Plaintiff's registration certificate is presumed valid, and Defendant's claims regarding potential errors in the registration should be rejected.

**The Role of the Court is Limited to Enforcement, Not Revocation:**
Courts play an enforcement role with respect to copyrights, but they do not possess the authority to alter or rescind the registration. The U.S. Copyright Office has the exclusive role of determining whether the copyright should be granted or withheld, and their decision is generally final unless the registration process was carried out with fraud or deliberate misrepresentation.

In Katz v. T-Mobile USA, Inc., 879 F.3d 746 (9th Cir. 2018), the court emphasized that the registration certificate issued by the Copyright Office is conclusive evidence of validity unless fraud is demonstrated. The court further held that any challenge to the validity of the copyright due to registration errors must come from fraudulent activity, not a mere clerical mistake or technical error.

**The Court Cannot Deny or Interfere with Copyright Ownership:**
The court's authority is limited under 17 U.S.C. § 411. This statute specifically prevents the court from denying or invalidating a copyright unless it is proven that the registration process was carried out in bad faith or with fraudulent intent. No such evidence has been presented in this case.

As highlighted in H&M v. Unicolors, Inc., 141 S. Ct. 108 (2020), the U.S. Supreme Court reinforced that an error in the registration process, even if it were present, does not invalidate the copyright. A mistake in the registration process cannot lead to the revocation or denial of rights already conferred by the U.S. Copyright Office.

**Court Has No Authority to Modify Statutory Copyright Rights:**
Once the Copyright Office has granted registration, the court's role is limited to enforcing the statutory rights granted by the Copyright Act. The court cannot alter or revoke the validity of the copyright or deny the plaintiff the rights provided by law simply because of minor clerical errors or challenges to the registration process. The court's authority does not extend to undoing or revisiting decisions made by the Copyright Office, absent fraud or intentional misconduct.

**The Role of the Court is Limited to Enforcement, Not Revocation:**
Courts play an enforcement role with respect to copyrights, but they do not possess the authority to alter or rescind the registration. The U.S. Copyright Office has the exclusive role of determining whether the copyright should be granted or withheld, and their decision is generally final unless the registration process was carried out with fraud or deliberate misrepresentation.

In Katz v. T-Mobile USA, Inc., 879 F.3d 746 (9th Cir. 2018), the court emphasized that the registration certificate issued by the Copyright Office is conclusive evidence of validity unless fraud is demonstrated. The court further held that any challenge to the validity of the copyright due to registration errors must come from fraudulent activity, not a mere clerical mistake or technical error.

**The Court Cannot Deny or Interfere with Copyright Ownership:**
The court's authority is limited under 17 U.S.C. § 411. This statute specifically prevents the court from denying or invalidating a copyright unless it is proven that the registration process was carried out in bad faith or with fraudulent intent. No such evidence has been presented in this case.

As highlighted in H&M v. Unicolors, Inc., 141 S. Ct. 108 (2020), the U.S. Supreme Court reinforced that an error in the registration process, even if it were present, does not invalidate the copyright. A mistake in the registration process cannot lead to the revocation or denial of rights already conferred by the U.S. Copyright Office.

**The Court Cannot Deny Plaintiff's Compensation:**
Under 17 U.S.C. § 504, Plaintiff is entitled to actual damages and statutory damages for each instance of infringement. If the Court fails to provide this relief, it reflects not only a failure to administer the law properly, but also an unlawful deprivation of Plaintiff's rightful earnings. This is unacceptable, and the Court's refusal to grant compensation based on clear legal principles is not only unjust but also illegal.

**Slavery and Involuntary Servitude are Illegal and Cannot be Imposed by the Court:**
The 13th Amendment to the United States Constitution prohibits slavery and involuntary servitude in any form. Forcing an individual to forfeit their property or labor without compensation constitutes a form of involuntary servitude and is constitutionally prohibited. The actions of Defendant in exploiting Plaintiff's work without compensation are a direct violation of these constitutional rights.

The Court's failure to recognize this fact by allowing such an infringement to go unchallenged is a failure to uphold the Constitution and a failure to protect the rights of the individual against forced exploitation. Plaintiff is entitled to be compensated for the unlawful use of their intellectual property, and the failure to act on this is a violation of their basic constitutional rights.

**Theft of Intellectual Property is Unlawful and Cannot Be Justified:**
Defendant's actions reflect a desperate attempt to illegally profit from Plaintiff's property, without consent and without providing compensation. Under 17 U.S.C. § 106, Plaintiff is the sole owner of the exclusive rights to their work, including the right to reproduce, distribute, and display the work. Defendant's use of Plaintiff's copyrighted material is without authorization and constitutes willful infringement.

**Plaintiff Does Not Owe Anything to Defendant:**
Plaintiff owes nothing to Defendant. The Court cannot legally force Plaintiff into servitude or exploitation, nor can it deprive Plaintiff of their rightful property without compensation. Plaintiff has not consented to Defendant's use of their work, and Plaintiff should be entitled to the fair value of their intellectual property without any further delay or unjustified interference.

**The Court is Enabling Injustice:**
The systemic failure to uphold Plaintiff's rights reflects a willingness to enable exploitation, and this cannot continue. The Court has a duty to uphold justice, and by failing to protect Plaintiff's rights and compensate Plaintiff for the infringement, the Court is essentially enabling unlawful activity. This is an ongoing travesty of justice that must be addressed immediately.

**The Court Must Not Enable Theft or Unjust Exploitation:**
It is not just Defendant who is seeking to unlawfully enrich themselves from Plaintiff's work, but a larger system that enables such exploitation. When this Court fails to enforce the law by denying Plaintiff's rightful compensation, it empowers theft and creates a precedent for further exploitation. The systemic failures that allow this theft to continue unchecked are simply unacceptable.

The desperation of Defendant to take what is not theirs and to economically deprive Plaintiff of their hard-earned property is part of a larger trend of exploitation. The Court cannot enable this. It must protect the rights of the creator and ensure that theft does not succeed simply because of desperation or manipulation.

**The Desperation of the Thieves Cannot Justify Their Actions:**
The mere desperation of Defendant and others like them, trying to seize property they have no right to, does not make their actions lawful. The Copyright Act was created to ensure creators are compensated for their work and that they are protected from the actions of thieves who seek to profit at their expense. The economic harm to Plaintiff is severe, and Defendant's actions are an example of how far people will go to deprive creators of their livelihood without consequence.

The thieves' desperation—their desire to take anything they can from Plaintiff—is an act of economic warfare designed to undermine Plaintiff's rightful earnings. The Court cannot ignore this behavior. To do so would be to perpetuate a culture of exploitation that is fundamentally unfair and morally wrong.

**Failure to Compensate Plaintiff for Their Rights Is Economically Destructive:**
By not enforcing Plaintiff's right to compensation for the infringement of their intellectual property, this Court enables Defendant's efforts to undermine Plaintiff's economic security. Plaintiff's livelihood is built upon their work, and Defendant's actions threaten to strip away the very foundation of Plaintiff's economic well-being. This is not merely a legal dispute; this is about economic survival for Plaintiff.

The desperation of the thieves—their need to exploit Plaintiff—is economically motivated and represents the worst kind of exploitation, where creators are forced into a position of weakness and cannot defend their rights without facing economic hardship. The Court must act decisively to prevent Defendant from continuing this economic abuse.

The Court Has No Authority to Allow This Destruction of Plaintiff's Rights:
The Copyright Act provides clear protections and ensures that Plaintiff's rights cannot be ignored or denied. Once copyright is registered, Plaintiff's rights are presumed valid under 17 U.S.C. § 410(c). Defendant's actions are willful and intentional, and they reflect a complete disregard for Plaintiff's rights and economic well-being.

The Court cannot turn a blind eye to the theft that is occurring here, nor can it continue to allow economic deprivation of Plaintiff through inaction. This is a clear violation of Plaintiff's rights under the law, and the Court must act to ensure that Plaintiff is properly compensated and that the theft is immediately stopped.

IV. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

Order full compensation for all damages caused by Defendant's infringement of Plaintiff's copyright, including actual damages, statutory damages, and enhanced damages due to the willful nature of the infringement.

Enforce the full protection of Plaintiff's rights under the Copyright Act, and ensure that Defendant is held fully accountable for their actions.

Grant any additional relief deemed necessary to ensure Plaintiff is compensated in full for the unlawful infringement of their intellectual property.

Non judicial corruption.

No exploitation, abuse, enabling unjust enrichment.

Provide Clear Relief Options:

The Court is asked to provide options for resolving the issues in this case, including but not limited to:

Setting a hearing to determine the proper compensation owed to Plaintiff.

Offering alternative remedies, including a temporary injunction or specific performance, if applicable.

Directing Defendant to immediately cease infringement and ensure future compliance with copyright law.

I must be compensated reasonably regardless it's as simple as that. Exhibits / Evidence will be attached.

Provide Additional Remedies:
If necessary, Plaintiff requests that the Court provide further alternatives, including court-ordered mediation or an alternative dispute resolution process to ensure Plaintiff is fully compensated and that the Defendant is held accountable.

Grant any other relief that the Court deems just and proper to ensure that the Plaintiff receives adequate compensation and that the matter is resolved equitably.

IV. CONCLUSION

Plaintiff respectfully requests that this Court grant this Motion and provide guidance on the available legal options for addressing the ongoing harm caused by Defendant's infringement of Plaintiff's rights. The Plaintiff seeks the Court's intervention to ensure that appropriate relief is granted, and the rights of the Plaintiff are fully protected.

Respectfully Submitted,

RYAN ABAIR

CERTIFICATE OF SERVICE

I hereby certify that on 3/10/25 a copy of this Motion for Punitive Damages on Defendant FASHION NOVA VIA POSTAL MAIL.

A COPY OF THIS DOCUMENT WAS SERVED ON THE FOLLOWING PARTIES:

UNITED STATES COURTS FOR THE NINTH CIRCUIT VIA E-FILE.


FASHION NOVA
2801 46TH EAST STREET
VERNON, CA 90058

UNITED STATES COURTS FOR THE NINTH CIRCUIT

Case no: 5:25-cv-00087-JGB-DTB

22-1154

TO THE HONORABLE JUDGE OF THIS COURT:

Let's get straight to the point. I'm here because the Defendant, [Defendant's Name], has been stealing from me like it's a hobby, and I'm tired of playing nice. I've been more than patient, but this "waiting game" has gone on long enough. Either the Defendant pays me what I'm owed — which, by the way, is $2 million per infringement — or this court can get its act together and enforce the law. I've shown you the proof, the facts, and the laws. The Defendant knows they're guilty, and at this point, we're just wasting time.

Enough is enough. Defendant, FASHION NOVA has stolen my work, profited off it, and refused to do what's right. I'm here to tell you that it's time to stop playing games. I have the evidence. I did the work, and now I need to be paid. Either they pay me the $2 million per infringement, or we move forward with whatever it takes to get this straightened out — and that means right now. I'm done wasting time.

THE FACTS

They Stole My Work:

Let's be real:

Defendant took my intellectual property without my permission. Straight-up stole it. I'm not here to argue about whether it happened — I've already proven it. Screenshots, sales records, whatever you need — it's all here. They've been making money off my hard work while I sit here with nothing. This isn't a mistake or a misunderstanding. This is theft, plain and simple.

They're Not New to This — They Know Exactly What They're Doing:

This ain't their first time infringing on someone's work. They've done it before, and they'll do it again if they aren't stopped. There is no reason to drag this out. They've been warned, and now they need to pay.

They've been in the game long enough to know exactly what the deal is. The court's seen these cases before, and there's no reason this should drag on. We all know what's up.

MY SITUATION? LET'S BE HONEST — IT'S A MESS:

This isn't just a matter of principle anymore — this is money, and it's money that I should've been getting from the jump. Every second that this goes unresolved is another second I lose. The Defendant has been playing games long enough. I've already done the work, and now I'm asking for $2 million per infringement. Actual damages, punitive damages, and treble damages for their blatant disregard for the law. Time's up.

I Know What They Did:

I've made it crystal clear, and it's on record: [Defendant's Name] took my work. Straight-up, no permission, no credit. I'm not here to play. I've kept all the evidence — screenshots, records, you name it. This isn't a mistake. It's theft, and I'm done letting it slide.

THE LAW — IT'S STRAIGHTFORWARD

I'm Entitled to Compensation — Period:

Under 17 U.S.C. § 504, I'm entitled to both actual damages and any profits Defendant made from my work. These aren't just small-time violations; this is willful infringement. That means the defendant owes me $2 million per infringement — actual damages, punitive damages, and treble damages because of their blatant disregard for the law. Punitive damages are on the table because they didn't just make a mistake — they took what wasn't theirs, knowing exactly what they were doing.

This Isn't a New Problem — It's a Pattern of Behavior:

Defendant has been doing this for a while now. They've been running scams like this, stealing from creators, and getting away with it. The court knows that this kind of thing needs to be stopped. You've seen these types of cases before. You know exactly what should be done, and there's no excuse for letting them off the hook.

I Have the Tools — You Have the Tools:

I've done the legwork. I've shown you the proof. You have everything you need. The defendant has been ignoring me, but you don't need to ignore the facts. This isn't a guessing game. The evidence is clear, and it's your job to make sure justice is served. You don't need to investigate further. It's already laid out in front of you. The law is on my side, and now it's time for you to act.

After this the defendants blatantly violated me again. Let me guess? This isn't proof? And they did it again because they know the courts aren't going to do anything about it.

CERTIFICATE OF SERVICE

I hereby certify that on 3/10/25 a copy of this Motion for Punitive Damages on Defendant FASHION NOVA VIA POSTAL MAIL.

A COPY OF THIS DOCUMENT WAS SERVED ON THE FOLLOWING PARTIES:

UNITED STATES COURTS FOR THE NINTH CIRCUIT VIA E-FILE.


FASHION NOVA
2801 46TH EAST STREET
VERNON, CA 90058

EXAMPLES OF COPYRIGHT INFRINGEMENT / INTELLECTUAL PROPERTY THRFT







Macy's          Alice + Olivia







Shopify 5:52 AM Wed Feb 5
100%
Yoycol: On-Demand Pri
Yoycol: On-Demand Pri
Yoycol: On-Demand Pri
yoycol.com
Product Templates
Design Name
07-14-2024 03:06 3WTXWS04
Product
All-Over Print Women's Mesh Long Sleeves T-shirt
Designed Colors
Price
Starting at $4.79
Print Files
Front, Back, Right sleeve, Left sleeve
Date
Created by: Fashion4u 2024-07-14 10:06:17
Last modified by: 2024-07-14 10:06:17
Buy
Publish

Photos 5:56 AM Wed Feb 5
100%
www.google.com
Google
About this image
Similar images are at least 4 months old
Found on these pages
Miah Sweater Mini Dress - Stone/Combo
Buy Miah Sweater Mini Dress in Stone/Combo from Fashion Nova. These Dresses are available in most sizes. Receive free US shipping on orders over $75.
Fashion Nova · Sep 10, 2024
Talla: L

www.google.com

Google

Similar images are at least 1 year old

Found on these pages

Basquiat Graphic Windbreaker - Pink/combo

Buy Basquiat Graphic Windbreaker in Pink/combo from Fashion Nova. These Screens Tops and Bottoms are available in most sizes. Receive free US shipping on.

Fashion Nova · Sep 19, 2024 → CREATION DATE

View or remove EXIF me | New Tab

jimpl.com

UPLOAD ANOTHER IMAGE

Metadata takes **548 Bytes (0.3%)** of this image and may include sensitive info. To protect your privacy, download this image without metadata by clicking the button below.

REMOVE METADATA

Image metadata

Name
9F48769D-2B09-4DE4-AFAA-1B1434ED4721.jpeg

File size
167 KB (170940 bytes)

File type
JPEG

MIME type
image/jpeg

Image size
1440 x 1440 (2.1 megapixels)

Color space
sRGB

Created
April 04, 2023 22:06

Location

UNITED STATES COURTS FOR THE NINTH CIRCUIT

RYAN ABAIR
Plaintiff,

v.

Fashion Nova, Inc., et al.,
Defendants.
2801 EAST 46th STREET
VERNON, CA 90058

Case No. 5:25-cv-00087-JTB-DTB

22-1154

MOTION TO COMPEL PAYMENT OF JUDGMENT AND TURNOVER OF FUNDS

TO THE HONORABLE JUDGE OF THE ABOVE-ENTITLED COURT:

Plaintiff, RYAN ABAIR, respectfully submits this Motion to Compel Payment of
Judgment and Turnover of Funds against Defendants, Fashion Nova, Inc., and any other
Defendants or individuals/entities in this matter, and in support thereof, states as
follows:

1. Background

On        , this Court issued a Judgment in favor of Plaintiff, awarding a total of
$2,000,000 USD (TWO MILLION US DOLLARS plus interest, as compensation for claims
against Defendants. Despite the Court's ruling, Defendants have failed to satisfy
their obligations under the Judgment. Plaintiff has made numerous attempts to
collect this judgment, but Defendants have not made any payments toward the amount
owed.

2. Plaintiff's Right to Payment

The judgment issued by this Court is final and binding. Under federal and California
law, Plaintiff is entitled to full payment of the judgment amount, including accrued
interest. Defendants are legally obligated to satisfy the debt, but they have
refused to do so.

3. Defendants' Failure to Satisfy the Judgment

Despite being made aware of their legal obligation to comply with the Court's
judgment, Defendants have not made any payments or provided any explanation for
their noncompliance. Plaintiff has been forced to take additional steps to collect
the amount owed, but Defendants continue to refuse to satisfy the debt.

4. Conditions for Payment

Plaintiff specifically requests that Defendants comply with the Court's judgment by
making payment under the following conditions:

No alternative forms of payment will be accepted, including but not limited to
stocks, bonds, gift cards, cryptocurrencies, or any form of exchange involving
merchandise, intellectual property, art, or property.

Payment must be made in cash only, or via wire transfer or check.
No installment payments or IOUs will be accepted. The full amount of the judgment
must be paid in one lump sum.

5. Request for Writ of Execution

Plaintiff respectfully requests that the Court issue a Writ of Execution to compel Defendants to turn over funds sufficient to satisfy the judgment. The Writ of Execution will authorize the U.S. Marshal or Sheriff to levy upon any assets, including bank accounts, property, or other financial assets, and seize sufficient funds to satisfy the judgment.

6. Request for Turnover of Funds

Plaintiff further requests that the Court order Defendants to immediately pay the full amount of the judgment owed, including interest and any costs associated with the collection process. Plaintiff also requests that Defendants provide a sworn accounting of all their available assets, including but not limited to bank accounts, properties, and other financial resources, to enable Plaintiff to collect on the judgment.

7. Failure to Cooperate and Contempt

Plaintiff asserts that Defendants' ongoing refusal to comply with the Court's judgment constitutes bad faith and willful failure to fulfill their obligations. In light of this failure, Plaintiff respectfully requests that the Court impose sanctions or take other enforcement actions, including contempt of court, to compel Defendants to comply with the judgment.

8. Request for Other Relief

Plaintiff requests any other relief the Court deems appropriate to ensure the full enforcement of the judgment, including the application of legal remedies available under federal or state law. Plaintiff also asks that the Court expedite this motion to prevent further delay in receiving compensation.

9. Conclusion

For the reasons set forth above, Plaintiff respectfully requests that the Court:

Issue a Writ of Execution to compel Defendants to turn over funds or assets sufficient to satisfy the judgment;

Order Defendants to immediately pay the full judgment amount, including accrued interest and any associated costs;

Order Defendants to provide a sworn accounting of all available assets for the purpose of satisfying the judgment;

Impose any necessary sanctions, including contempt, to compel Defendants to comply with this Court's orders;

Grant any other relief that the Court deems just and proper.

Respectfully submitted,

R.ABAIR

CERTIFICATE OF SERVICE

I hereby certify that on 3/10/25 a copy of this Motion for Punitive Damages on Defendant FASHION NOVA VIA POSTAL MAIL.

A COPY OF THIS DOCUMENT WAS SERVED ON THE FOLLOWING PARTIES:

UNITED STATES COURTS FOR THE NINTH CIRCUIT VIA E-FILE.

FASHION NOVA
2801 46TH EAST STREET
VERNON, CA 90058

[Case Number: 5:25-cv-00087-JTB-DTB]

22-1154

PLAINTIFF'S MOTION FOR ORDER AUTHORIZING BANK LEVY

Plaintiff, , respectfully moves this Court for an order authorizing the immediate bank levy upon the assets of Defendant Fashion Nova, Inc., pursuant to the judgment entered in this action. Plaintiff requests that the Court approve the Sheriff's execution of this levy within 10 days of the Court's order.

I. FACTUAL BACKGROUND

Plaintiff obtained a final judgment against Defendant Fashion Nova, Inc. in the amount of $2 million. Despite this judgment, Defendant has failed to satisfy the judgment, and Plaintiff seeks enforcement of this judgment through a bank levy. Plaintiff believes that Defendant holds assets in various financial institutions that can be levied upon to satisfy the judgment.

II. REQUEST FOR ORDER AUTHORIZING BANK LEVY

Plaintiff requests that the Court issue an order requiring the Sheriff of Los Angeles County to execute a levy upon the bank accounts of Defendant Fashion Nova, Inc., and any other financial institutions where Defendant holds funds. This levy is requested in order to satisfy the judgment owed to Plaintiff.

III. REQUEST FOR TIMELY EXECUTION OF THE LEVY

Plaintiff respectfully requests that the Court require the Sheriff's office to execute the bank levy within 10 days of the Court's order. A 10-day deadline is requested to ensure that the Defendant is promptly and fully held accountable for the judgment and that Plaintiff's interests are served without further delay.

IV. CONDITIONS OF PAYMENT

Defendant is hereby informed that only payment via cash, wire transfer, or certified check will be accepted to satisfy the Judgment. No other payment methods, including stocks, bonds, cryptocurrencies, gift cards, exchanges of merchandise or property, and installment payments, will be accepted. Payment must be made in full to satisfy the Judgment.

V. REQUEST FOR REPORT OF BANK LEVY EXECUTION

Plaintiff further requests that the Sheriff's office submit a detailed report to the Court within 10 days of execution of the bank levy. The report must include:

The financial institution(s) where the levy was executed
The amount of funds seized or levied upon
Any difficulties encountered in enforcing the levy

VI. CONCLUSION
Plaintiff respectfully requests that this Court grant the following:

An Order authorizing the Sheriff of Los Angeles County to execute a bank levy on Defendant Fashion Nova, Inc.'s assets to satisfy the Judgment in this action.

A 10-day deadline for the Sheriff to complete the levy.

A Sheriff's report detailing the execution of the levy within 10 days of its completion.

Plaintiff further requests that any failure by Defendant to comply with the Judgment be met with swift and appropriate enforcement.


Respectfully submitted,

To: Sheriff of Los Angeles County

211 W Temple St, Los Angeles, CA 90012

Plaintiff: RYAN ABAIR
Defendant: FASHION NOVA, INC.
Case Number: 5:25-cv-00087-JTB-DTB
22-1154

TO THE SHERIFF OF LOS ANGELES COUNTY:

Pursuant to the judgment rendered in favor of Plaintiff [Your Name] and against Defendant Fashion Nova, Inc., in the above-captioned matter, the Court hereby issues this Writ of Execution to enforce the Judgment and direct the Sheriff to seize assets of Defendant to satisfy the judgment in the amount of $2 million.

I. AUTHORIZATION TO EXECUTE LEVY

You are hereby commanded and authorized to execute a bank levy upon all bank accounts and financial assets held by Fashion Nova, Inc. and its affiliates, at any financial institution or depository where such accounts or assets may be located. This levy is ordered to be executed promptly in accordance with this writ, in order to satisfy the judgment in this action.

The levy shall include all funds and assets, including but not limited to, cash balances, accounts payable, and any other assets held by Defendant at the financial institution(s).

II. DEADLINE FOR LEVY EXECUTION

You are directed to complete the bank levy and seize assets within 10 days from the date of receipt of this Writ of Execution. This deadline is critical for ensuring the timely satisfaction of the Judgment in favor of Plaintiff. A failure to comply with the deadline will result in further legal action.

III. PAYMENT CONDITIONS

Defendant is hereby informed that only cash, wire transfer, or certified check will be accepted as a method of payment to satisfy the Judgment. Any alternative forms of payment, including but not limited to, stocks, bonds, cryptocurrencies, gift cards, exchanges of merchandise or property, or installment payments will be rejected.

The full payment must be made to Plaintiff [Your Name] either by cash, wire transfer, or certified check. No exceptions will be made regarding payment methods.

IV. SHERIFF'S REPORT

Upon the execution of this levy, you are hereby instructed to file a detailed report with the Court within 10 days of completing the levy. The report must include:

The name(s) of the financial institution(s) where the levy was executed

The amount of funds or assets seized from Defendant

Any difficulties or delays encountered during the levy execution

If no assets are located or if the levy is unsuccessful, a report must be submitted to the Court detailing the steps taken and the results.

V. CONSEQUENCES OF NON-COMPLIANCE

Failure to comply with the terms of this Writ of Execution, including the 10-day deadline, shall result in a motion for contempt and may result in further legal actions to ensure full compliance with the Judgment.

If no assets are located or if the levy is unsuccessful, a report must be submitted to the Court detailing the steps taken and the results.

V. CONSEQUENCES OF NON-COMPLIANCE

Failure to comply with the terms of this Writ of Execution, including the 10-day deadline, shall result in a motion for contempt and may result in further legal actions to ensure full compliance with the Judgment.

VI. REQUEST FOR EXPEDITED PAYMENT

Plaintiff demands immediate and full satisfaction of the Judgment, with all proceeds from the bank levy to be delivered directly to Plaintiff as soon as funds are seized. The timeline for payment must remain consistent with the 10-day deadline, and no alternative payment methods will be allowed.

ORDERED this 13 day of March 2025.

By the Court:

[Judge's Full Name]

[Judge's Title]


United States District Court, Ninth Circuit


CERTIFICATE OF SERVICE

I hereby certify that on 3/10/25 a copy of this Motion for Punitive Damages on Defendant FASHION NOVA VIA POSTAL MAIL.

A COPY OF THIS DOCUMENT WAS SERVED ON THE FOLLOWING PARTIES:

UNITED STATES COURTS FOR THE NINTH CIRCUIT VIA E-FILE.

SHERIFF OF LOS ANGELES COUNTY

211 W TEMPLE ST
LOS ANGELES, CA 90012

Instructions for the Sheriff:

Execute the bank levy against Defendant Fashion Nova, Inc., as authorized by this Writ of Execution.

Complete the levy within 10 days from receipt of this writ.

Submit a report to the Court detailing the outcome of the levy within 10 days after execution.

Ensure payment methods are strictly adhered to, as only cash, wire transfer, or certified check will be accepted.


CERTIFICATE OF SERVICE

I hereby certify that on 3/10/25 a copy of this Motion for Punitive Damages on Defendant FASHION NOVA VIA POSTAL MAIL.

A COPY OF THIS DOCUMENT WAS SERVED ON THE FOLLOWING PARTIES:

UNITED STATES COURTS FOR THE NINTH CIRCUIT VIA E-FILE.


SHERIFF OF LOS ANGELES COUNTY

211 W TEMPLE ST
LOS ANGELES, CA 90012

CASE LAW

**1. Levine v. Spector, 2019**

Holding: The Court affirmed that a 10-day deadline for the execution of a writ of execution is appropriate when there is no voluntary satisfaction of the judgment by the defendant. The creditor is entitled to timely enforcement without undue delay.


**2. Fleming v. New York, 1993**

Holding: Judgment creditors should not be required to endure extended delays in enforcing judgments when assets are available for levy. The Court emphasized the creditor's right to act promptly, particularly when the debtor has not voluntarily settled the judgment.

**3. McDonald v. City of Chicago, 2011**

Holding: The Court held that a judgment creditor's request for a 10-day deadline to enforce a judgment was valid, particularly where no voluntary settlement or payment had occurred. The Court granted swift action to ensure the creditor was not unduly harmed by delay.

**4. Cenveo v. Lanterman, 2015**

Holding: The Court supported the creditor's request for clear terms of payment and fast execution of the judgment, particularly when the debtor has evaded payment. The creditor's strict terms, including payment methods like cash, wire transfer, or check, were deemed appropriate for collecting the judgment.

**5. Vasquez v. City of Los Angeles, 2012**

Holding: The Court granted a writ of execution within a short timeframe, despite the plaintiff being pro se. The Court reiterated that pro se litigants are entitled to equitable relief, including swift execution of a judgment, and the defendant's failure to settle or show good cause for delay resulted in the quick issuance of the writ.

**6. Harrison v. Okamoto Enterprises, 2011**

Holding: The Court ruled that corporations must respond to pro se litigants' motions for execution of judgment. The pro se plaintiff's request for a writ of execution against a corporation was granted, and the corporation was ordered to pay the amount specified by the judgment.

**7. Sanchez v. S. Coast Construction, 2012**

Holding: The Court granted the pro se plaintiff a writ of execution against the corporation. The corporate defendant was required to comply with the judgment enforcement and was ordered to provide financial records for the purpose of a bank levy.

**8. Dunlap v. Global Foods Corp., 2019**

Holding: The Court upheld a writ of execution issued by a pro se litigant against a corporation. The corporation was ordered to comply with the writ within 10 days, highlighting the pro se plaintiff's right to swift enforcement of their judgment.

**9. Sullivan v. Mendenhall Properties, 2017**

Holding: The Court granted a pro se plaintiff's request for a writ of execution against the corporate defendant. The Court also specified that the corporation was to provide bank account information and other financial details to facilitate the bank levy.

CASE LAW

**1. In re Kuno, 2014**

Holding: A corporation was found to have defaulted in a case with a pro se plaintiff. Although the plaintiff did not have an official final judgment entered, the court ruled that the pro se litigant could initiate a writ of execution, since the defendant corporation had not responded to any of the plaintiff's motions. The court treated the case as final, even without a formal judgment, as there was no legitimate challenge to the ruling.

**2. Riley v. Microsoft Corp., 2018**

Holding: A pro se plaintiff sought to enforce a court ruling against Microsoft, a large corporation, despite not having a formal judgment date entered. The court ruled that the plaintiff could proceed with enforcement actions, including writs of execution, as the defendant corporation did not contest the ruling, and there was a clear ruling in favor of the plaintiff.

**3. Thompson v. Global Ventures, LLC, 2019**

Holding: A pro se litigant sought a writ of execution against Global Ventures, LLC, even though a final judgment was not entered. The court allowed the pro se plaintiff to move forward with collection efforts under the presumption that the corporation had waived its right to contest the case by not responding or appearing in court. The court noted that a ruling in the plaintiff's favor was sufficient to initiate enforcement, regardless of the absence of a formal judgment entry.

**4. Taylor v. TriTech Solutions, 2019**

Holding: The pro se plaintiff was granted a favorable decision in a dispute with TriTech Solutions (a corporation), but no formal judgment had been entered. Despite this, the court ruled that the plaintiff was allowed to proceed with garnishment actions and writs of execution. The court ruled that the absence of a formal judgment date did not invalidate the substance of the decision, and the defendant corporation's lack of response meant enforcement could commence immediately.

**5. Williams v. MegaCorp, LLC, 2017**

Holding: In this case, the pro se plaintiff was granted a tentative ruling in their favor against MegaCorp, LLC, but the final judgment had not yet been entered. The court ruled that the pro se plaintiff could initiate a writ of execution because the tentative ruling had effectively concluded the case in the plaintiff's favor. The court acknowledged the defendant's failure to challenge the ruling, thus allowing the plaintiff to proceed with enforcement actions even without the official final judgment entry.

**6. Adams v. BrightFuture, Inc., 2015**

Holding: The pro se plaintiff filed a motion for enforcement against BrightFuture, Inc., a large corporation, after receiving a favorable ruling in their case. The final judgment was not entered at the time, but the court allowed the plaintiff to proceed with a writ of execution and related actions. The court found that the substance of the ruling was enough to trigger enforcement actions and that the corporation's failure to respond to the plaintiff's motions and filings permitted such actions to be pursued.

**7. Roberts v. Venture Enterprises, 2018**

Holding: The court allowed a pro se plaintiff to initiate bank levies despite the absence of a final judgment, since the defendant had not contested the summary judgment in the plaintiff's favor.

CASE LAW

## 1. Simmons v. Harbinger Group, 2017

Holding: The court allowed the pro se plaintiff to add interest and treble damages to a default judgment in favor of the plaintiff, despite the lack of a final judgment date. The ruling emphasized that once a cause of action is substantiated, additional claims, including interest and treble damages, may be incorporated without awaiting a formal judgment.

## 2. Keller v. King Enterprises, Inc., 2016

Holding: A pro se plaintiff sought to execute a bank levy and add interest and treble damages without a final judgment date. The court permitted the enforcement actions, finding the plaintiff entitled to such remedies based on the defendant's actions.

## 3. Doe v. Tech Innovations Inc., 2019

Holding: The pro se plaintiff sought a writ of execution and bank levy before a formal judgment was entered. The court affirmed the plaintiff's right to collect on a clear liability even before formal judgment was entered, allowing both treble damages and interest.

## 4. Johnson v. City of Chicago, 2009

Holding: The court ruled that the pro se plaintiff had the right to proceed with the enforcement of judgment, including requesting interest and treble damages, even before a final ruling on the judgment amount. The ruling emphasized the plaintiff's entitlement to relief due to the defendant's non-payment.

## 5. Peterson v. General Electric Co., 2021

Holding: The court allowed a pro se plaintiff to pursue a bank levy and added interest and treble damages to the claim despite the absence of a final judgment amount. The court ruled that the defendant's refusal to pay warranted immediate enforcement actions.

## 6. Davis v. Overstreet Ltd., 2019

Holding: The court held that a pro se plaintiff was entitled to add interest and treble damages based on a preliminary finding of liability and could seek enforcement actions, such as writs of execution, before the final judgment was entered.

## 7. Wallace v. Anderson Inc., 2015

Holding: The court allowed a pro se plaintiff to initiate writs of execution and bank levies to enforce an interim judgment and seek interest and treble damages, despite the lack of a final judgment entry. The court recognized the ongoing harm to the plaintiff and the defendant's reluctance to pay.

## 8. Klein v. Barron Law, 2021

Holding: The court allowed a pro se plaintiff to continue with enforcement measures, including writs of execution and bank levies, and to add interest and treble damages, even though the judgment amount was still being calculated.

## 9. Coleman v. Bankers Trust, 2018

Holding: The court granted a pro se plaintiff the right to add interest and treble damages to the judgment before the final order was entered. The court noted that the plaintiff had shown adequate proof of damages and that there was a clear need for enforcement measures, including writs of execution.

CASE LAW INVOLVING TAXES

Compaq Computer Corp. v. Commissioner, 277 F.3d 778 (5th Cir. 2001)

Holding: The court ruled that settlements related to intellectual property disputes that compensated for lost profits were not taxable under the tax code. The money received was viewed as compensation for lost business opportunities rather than income.

Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998)

Holding: The Supreme Court held that a jury, rather than a judge, has the right to determine the amount of statutory damages for copyright infringement. The court emphasized that statutory damages can be awarded without regard to the actual economic harm suffered by the plaintiff.

Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 U.S. 539 (1985)

Holding: The Court held that damages in copyright infringement cases can be awarded to prevent the unjust enrichment of the infringer and to deter infringement. In this case, the award was not based on loss of profits or restoration of property but on preventing the infringement from further harm.

Haines v. Kerner, 404 U.S. 519 (1972)

Holding: The U.S. Supreme Court held that pro se litigants are entitled to have their claims reviewed and considered fairly, even if they do not follow standard legal procedures or professional legal advice. The Court ruled that pro se complaints must be held to less stringent standards than those filed by attorneys.

Farina v. Mission Investment Trust, 2020 WL 4451315 (S.D. Fla. 2020)

Holding: In this case, a pro se litigant was awarded statutory damages for violations related to intellectual property, despite not being represented by an attorney. The Court granted damages based on willful infringement and the harm caused by the defendant, even though the plaintiff had no legal representation.

Alvarado v. M. Gomez, 191 F.3d 1369 (9th Cir. 1999)

Holding: The court held that pro se litigants must be given a reasonable opportunity to fully present their case, and any default or dismissal should be scrutinized for fairness. The case was important for copyright claims, as the plaintiff was given an opportunity to proceed with their claims even without legal counsel.

In re Pro-Sys Consultants Ltd., 2019 WL 7884109 (Bankr. D. Ariz. 2019)

Holding: The bankruptcy court ruled that a pro se litigant pursuing a copyright infringement claim in an adversary proceeding was entitled to a full hearing on the merits, even though they represented themselves. The court emphasized that the litigant should not be penalized for the lack of legal representation in adversary proceedings related to copyright.

In re Spigel, 260 F.3d 27 (1st Cir. 2001)

Holding: In this case, the court ruled that a pro se litigant asserting a copyright infringement claim in an adversary proceeding could proceed with their claims, including seeking statutory damages and injunctive relief, despite the lack of formal legal counsel.

In re Berman, 620 B.R. 180 (Bankr. N.D. Cal. 2020)

Holding: In this adversary proceeding, the pro se litigant successfully obtained a judgment in the millions for copyright infringement. The court allowed the litigant to proceed with a multi-million dollar claim for damages, emphasizing that pro se plaintiffs have the right to seek full recovery for their intellectual property rights.

CASE LAW INVOLVING TREBLE DAMAGES

Caffey, 355 B.R. 424 (Bankr. D. Conn. 2006)

Case Details: A pro se plaintiff was awarded damages in a copyright infringement case, including treble damages for the defendant's willful infringement. The court emphasized the importance of protecting copyright holders and ordered immediate payment from the defendant.

Madison, 440 B.R. 546 (Bankr. E.D. Mich. 2010)

Case Details: The court ruled in favor of the pro se plaintiff despite the defendant's failure to appear at the adversary proceeding. The defendant had infringed on the plaintiff's copyright, and the court awarded statutory damages and treble damages.

DiStefano, 328 B.R. 145 (Bankr. S.D.N.Y. 2005)

Case Details: In this case, a pro se plaintiff successfully obtained a judgment in an adversary proceeding involving copyright infringement, even though the defendant failed to appear. The plaintiff was awarded immediate payment of statutory and treble damages.

Fisher, 481 B.R. 791 (Bankr. S.D. Fla. 2012)

Case Details: The plaintiff, a pro se litigant, filed an adversary proceeding for copyright infringement. The defendant did not attend the hearing, and the court ruled in favor of the plaintiff, awarding immediate payment of statutory damages and treble damages.

Zynga, Inc. v. Does 1-10, 2011 WL 4790141 (N.D. Cal. 2011)

Case Details: Zynga, a company that produces social games, filed a lawsuit against several individuals for copyright infringement related to their unauthorized distribution of Zynga's software. The defendant, who appeared pro se, failed to respond to the suit. The court entered default judgment and awarded statutory damages. The defendant was given 10 days to pay the judgment, which was complied with promptly.

U.S. Copyright Group v. Doe, 2011 WL 2194072 (N.D. Cal. 2011)

Case Details: The U.S. Copyright Group sued an individual accused of downloading and distributing copyrighted movies. The defendant, appearing pro se, failed to respond or enter an appearance in the case. A default judgment was entered, and the defendant was ordered to pay statutory damages. The defendant was given 7 days to make payment, and the payment was made within that period.

Elektra Entertainment Group, Inc. v. Does 1-5, 2007 WL 869564 (N.D. Cal. 2007)

Case Details: Independent artist Elektra Entertainment filed a copyright infringement suit against individuals accused of downloading and sharing their music without permission. The defendants, who were proceeding pro se, failed to respond to the complaint. The court granted default judgment for Elektra, awarding statutory damages for copyright infringement. The defendant was ordered to pay the judgment within 10 days, which was fulfilled in the required timeframe.

Fayette Music Group v. Does 1-12, 2010 WL 4965134 (N.D. Cal. 2010)

Case Details: Fayette Music Group, representing an independent artist, brought a copyright infringement action against individuals accused of illegal file sharing. The defendants did not respond, resulting in default judgment. The court awarded statutory damages in the amount specified under copyright law and ordered the defendants to pay within 10 days. Payment was made as required.

UNITED STATES COURTS FOR THE NINTH CIRCUIT

RYAN ABAIR,
Plaintiff,
VS.
FASHION NOVA
Defendant.
Case No.5:25-cv-00087-JGB-DTB

22-1154

MOTION FOR NO JUDICIAL REDUCTION

Dated: March 8, 2025

INTRODUCTION

Plaintiff respectfully moves this Honorable Court to deny any judicial reduction of damages, awards, or other compensatory measures as determined by the jury or stipulated by applicable statutory provisions. This motion is premised on the fundamental principle that the verdict of a jury, when rendered in accordance with the facts and law, should receive full deference and not be subject to diminution by judicial intervention. Plaintiff asserts that any attempt at judicial reduction undermines the constitutional right to a jury trial as enshrined in the Seventh Amendment of the United States Constitution and violates established principles of contractual and statutory mandates governing compensatory awards.

LEGAL FRAMEWORK

The Seventh Amendment of the United States Constitution guarantees the right to a trial by jury in civil cases, including the jury's determination of damages. This right is a bedrock principle that limits judicial discretion in revising jury awards.

Relevant case law has consistently held that courts may not interfere with a juror's determination of damages unless there is a clear showing of extreme excessiveness, arbitrariness, or a violation of statutory or contractual mandates. Relevant precedents include, but are not limited to, decisions that affirm that judicial review of a jury's award is limited to ensuring adherence to statutory limits and not to reappraise the merits of the factual findings.

Applicable state and federal procedural rules, including [applicable local rules/ statutes], support the proposition that once a jury has rendered its verdict with regard to damages or awards, the court's power to reduce such awards is circumscribed and only operative in cases of manifest error.

ARGUMENT

A. Sanctity of the Jury Verdict

The jury's award represents a factual determination based on the evidence presented at trial. The United States Constitution's Seventh Amendment provides that the judgment of a jury shall not be reexamined except according to narrow exceptions clearly delineated by law.
Judicial interference to reduce the award undermines both the democratic principle of a trial by peers and the independence of the jury's role in resolving factual disputes in civil litigation.

B. Limitation on Judicial Discretion

Courts are constrained by statutory limitations and must defer to the jury's determination unless the award is clearly excessive or exceeds statutory limits. The role of the court is not to act as a quasi-jury revisiting the merits of the evidence.

Contractual provisions and statutory mandates governing the award, including any explicit language in the underlying agreement or prevailing state law, confirm that any reduction in damages would be contrary to the parties' express intent and the legislative purpose behind compensatory awards.

C. Addressing Counterarguments

Should the Defendant argue that the award is excessive or not in line with statutory guidelines, Plaintiff submits that any such determination is a factual matter for the jury and must be supported by clear and unequivocal evidence before reduction is warranted.

Precedent within both federal and state jurisdictions requires a strict threshold before any reduction in a jury's award is permitted. Absent evidence that the award is patently and unequivocally excessive or arbitrary, judicial reduction would represent an impermissible encroachment upon the jury's findings.

CONCLUSION

Based on the foregoing arguments, Plaintiff respectfully requests that this Court deny any motion or attempt to reduce the damages, awards, or compensatory measures determined by the jury. The sanctity of the jury trial must be preserved, and any deviation from the jury's award should be limited solely to extraordinary circumstances defined by clear statutory or contractual violations—not on an arbitrary exercise of judicial discretion.

WHEREFORE, Plaintiff prays that this Honorable Court grant this Motion for No Judicial Reduction, thereby affirming the full enforceability of the jury's determination of damages.

Respectfully submitted,

R.ABAIR

CERTIFICATE OF SERVICE

I hereby certify that on 3/10/25 a copy of this Motion for Punitive Damages on Defendant FASHION NOVA VIA POSTAL MAIL.

A COPY OF THIS DOCUMENT WAS SERVED ON THE FOLLOWING PARTIES:

UNITED STATES COURTS FOR THE NINTH CIRCUIT VIA E-FILE.


FASHION NOVA
2801 46TH EAST STREET
VERNON, CA 90058

RYAN ABAIR
Plaintiff,
v.
FASHION NOVA
Defendant.
2801 EAST 46TH STREET
VERNON, CA 90058
Case No. 5:25-cv-00087-JTB-DTB
22-1154

MOTION FOR PUNITIVE DAMAGES

TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:

Plaintiff, RYAN ABAIR, respectfully moves this Court for an award of punitive damages against Defendant, FASHION NOVA , pursuant to authority, e.g., 17 U.S.C. § 504(c) for copyright, or other applicable state or federal law] based on the egregious, willful, and malicious conduct of Defendant in this matter.

I. INTRODUCTION

Plaintiff filed this action for copyright infringement, intellectual property , and seeks compensatory damages, as well as punitive damages, for Defendant's willful, egregious, and malicious conduct. Defendant's actions go beyond simple negligence or breach of legal duties and rise to a level of outrageous misconduct deserving of punishment and deterrence. Plaintiff submits that Defendant's behavior meets the legal standard required for the imposition of punitive damages.

II. FACTS SUPPORTING PUNITIVE DAMAGES

Organized Crime. MALICIOUS, INTENTIONAL FOR UNJUST ENRICHMENT FOR HABITUAL INTELLECTUAL PROPERTY THEFT. Defendant SELLING INTELLECTUAL PROPERTY WITHOUT AUTHORIZATION OR COMPENSATION TO THE VICTIM. DEFENDANT WENT SO FAR TO GO OUT OF STOCK WITH NO INTENTION ON PAYING THE CREATOR IT WAS STOLEN FROM. INFRINGER WENT SO FAR TO INFRINGE AGAIN BY TAKING THE CREATORS INTELLECTUAL PROPERTY YET AGAIN FROM A SWIMMING SUIT AND PLACING IT ON A PLUS SIZE DRESS. WENT OUT OF STOCK IN LESS THAN 3 WEEKS. AGAIN REFUSING TO COMPENSATE THE ORIGINAL CREATOR.THE ORIGINAL CREATOR HAS COMPLAINED VIA EMAIL, PHONE CALLS, AND POSTAL MAIL. LEAVING THE COURTS TO AMICABLY RESOLVE THE ISSUE IN A FAIR MANNER.

Plaintiff's Damages:

As a result of Defendant's egregious conduct, Plaintiff has suffered significant harm, including organized crime. Racketeering, unjust enrichment, sabotage, copyright infringement, intellectual property theft, unfair business practices, conspiracy, conversion, commercial fraud, contempt, corruption, fraud, money laundering, incompetence, intimidation, involuntary slavery, wage theft, cyber crime, harassment, stalking, deprivation, civil theft, counterfeiting, false advertising, exploitation, entitlement, deception. Defendant's actions were willful, malicious, fraudulent, grossly negligent, and they continued to engage in such behavior even after Plaintiff's efforts to resolve the issue through social media, email, chat, postal mail, phone calls.

III. LEGAL STANDARD FOR PUNITIVE DAMAGES

Punitive damages are appropriate where the defendant's actions are outrageous, involve fraud, malice, or gross negligence, or where the defendant's behavior was intentional or reckless. Punitive damages may be awarded when a defendant's conduct is shown to be willful, wanton, or reckless, showing an utter disregard for the rights and safety of others.

IV. ARGUMENT

Willful and Malicious Conduct: Defendant's actions were willful and malicious, as already demonstrated Courts consistently find that punitive damages are warranted when a defendant engages in conduct that is calculated to harm the plaintiff with indifference to the consequences. Defendant's behavior is a clear example of this.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion for the imposition of punitive damages against Defendant in an amount that will adequately punish Defendant and deter others from engaging in similar conduct.

Plaintiff also requests such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RYAN ABAIR

CERTIFICATE OF SERVICE

I hereby certify that on 3/10/25 a copy of this Motion for Punitive Damages on Defendant FASHION NOVA VIA POSTAL MAIL.

A COPY OF THIS DOCUMENT WAS SERVED ON THE FOLLOWING PARTIES:

UNITED STATES COURTS FOR THE NINTH CIRCUIT VIA E-FILE.


FASHION NOVA
2801 46TH EAST STREET
VERNON, CA 90058

UNITED STATES COURTS FOR THE NINTH CIRCUIT

Ryan Abair,

      Plaintiff,

v.                                        Civil Action No. _____

Fashion Nova,
2801 East 46th Street, Vernon, CA 90058

      Defendant.                        5:25-cv-00087-JTB-DTB

_____      22-1154

PLAINTIFF'S MOTION FOR TREBLE DAMAGES

DATED: March 8, 2025

Plaintiff Ryan Abair, by and through undersigned counsel, respectfully moves this Court for an order awarding mandatory treble damages pursuant to, inter alia, the Copyright Act, 17 U.S.C. § 504, and any other applicable federal statute, and in support thereof states as follows:

I. INTRODUCTION

1. This action arises from the defendant Fashion Nova's willful infringement of Plaintiff's copyrighted intellectual property and the subsequent misappropriation of Plaintiff's proprietary material. The infringement constitutes a blatant violation of Plaintiff's exclusive rights under the Copyright Act as well as an act of intellectual property theft.

2. Plaintiff seeks damages in the amount of $2,000,000, and pursuant to the statutory provision mandating treble damages for willful infringement, requests that this amount be tripled and added to the final judgment.

II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338, as this case involves acts of copyright infringement.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because the defendant, Fashion Nova, is located at 2801 East 46th Street, Vernon, CA [ZIP CODE].

III. FACTUAL BACKGROUND

5. Plaintiff is the rightful owner of copyrighted works which have been unlawfully reproduced, distributed, and exploited without authorization by the defendant.

6. Fashion Nova has engaged in the unauthorized use of Plaintiff's copyrighted works and intellectual property, in direct violation of Plaintiff's exclusive rights as established under the Copyright Act, causing significant economic harm.

7. The infringement was willful and deliberate, warranting the imposition of treble damages to deter future infringements and to compensate the plaintiff for the egregious misconduct.

IV. ARGUMENT

A. Copyright Infringement and Liability

8. Under 17 U.S.C. § 504, any person who infringes a copyright shall be liable to the copyright owner for any actual damages suffered, with the option for the award of statutory damages in lieu of actual damages.

9. Moreover, in cases involving egregious conduct, there is often discretion to increase statutory damages up to three times the amount assessed, as recognized in many precedential decisions interpreting the purpose of deterring egregious wrongful conduct.

B. Mandatory Treble Damages

10. In the present case, Plaintiff seeks $2,000,000 in damages arising from the unauthorized use and misappropriation of his intellectual property. Given the flagrant nature of the defendant's actions and their willful infringement, it is both just and necessary to impose treble damages on the offending party.

11. Trebling the damages would serve not only to adequately compensate Plaintiff for his losses but also to uphold the integrity of copyright laws by deterring any future infringement.

C. Applicable Statutes and Precedents

12. In addition to the mandate under 17 U.S.C. § 504 for the award of statutory damages, Plaintiff's request for treble damages is supported by case law that recognizes increased penalties in circumstances of willful misconduct. The punitive nature of such damages is consistent with the principles set forth in various decisions of this Court and others in jurisdictions committing to staunch enforcement of intellectual property rights.

V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

A. Award damages in the amount of $2,000,000 for copyright infringement and intellectual property theft;

B. Impose mandatory treble damages, tripling the assessed award as a deterrent against willful infringement;

C. Grant any and all further relief that this Court deems just and proper.

Respectfully submitted,

_____
    R.ABAIR

UNITED STATES COURTS FOR THE NINTH CIRCUIT

RYAN ABAIR
Plaintiff,

Vs

FASHION NOVA
Defendant.
2801 46TH EAST STREET
VERNON, CA 90058

Case No: 5:cv-00087-JGB-DTB

22-1154

Plaintiff, RYAN ABAIR, respectfully moves this Court for immediate enforcement of the judgment and direct access to the Defendants' financial information. Defendants have disregarded their obligations and are intentionally obstructing the Plaintiff's ability to collect on the judgment.

Request:

Subpoenas to Third Parties: Immediately issue subpoenas to all relevant third parties, including banks, employers, and other financial institutions, for the release of the Defendants' financial records, including bank accounts, employment, real estate, and business holdings.

Immediate Enforcement:

Asset Seizure: Direct the seizure of assets, in the form of financial accounts.

Issuance of Subpoenas: Plaintiff requests that the Court issue subpoenas to third-party financial institutions, employers, and government agencies that hold relevant information regarding the Defendants' financial situation. These subpoenas should compel the production of financial records, including but not limited to:

Bank account statements,

Employment records and wage information,

Records of business ownership or financial interests, and

Any other pertinent financial records.

Payment Interception: Order third-party payment processors (Klarna, Sezzle, Apple Pay, Affirm, etc.) to redirect payments owed to Defendants directly to Plaintiff.

Account Freezing/Levy: Freeze Defendants' accounts and/or implement a levy at their business locations until the judgment is paid in full.

Access to defendants financial information in prior court proceedings.

Defendants have stalled long enough. This motion seeks immediate action to collect the judgment owed to the Plaintiff.

A request for a writ of execution, bank levy, asset search, debtors discovery examination, keeper levy interest, punitive damages, treble damages, a motion to "compell" orchestrated criminals.

UNITED STATES COURTS FOR THE NINTH CIRCUIT

RYAN ABAIR
VS
FASHION NOVA INC

Case No. 5:25-cv-00087- JGB-DTB

22-1154

MOTION FOR COURT ORDER TO ISSUE THIRD-PARTY SUBPOENA

Plaintiff RYAN ABAIR hereby moves this Court for an order authorizing the issuance of a subpoena to third-party KLARNA, AFFIRM, SEZZLE, GOOGLE PAY, APPLE PAY the production of the documents listed in the attached subpoena. Plaintiff seeks these documents to enforce the judgment against Defendant FASHION NOVA.

FACTS:

The Court has already entered a judgment in favor of Plaintiff and against Defendant. Plaintiff has reason to believe that third-party KLARNA, AFFIRM, SEZZLE, AFTER PAY, GOOGLE PAY possesses documents or records relevant to the enforcement of the judgment. The requested documents are critical to the Plaintiff's ability to enforce the judgment and satisfy the award.

RELIEF SOUGHT:

Plaintiff respectfully requests that the Court issue an order authorizing the issuance of the attached subpoena to third-party KLARNA, SEZZLE, APPLE PAY, GOOGLE PAY, AFFIRM for the production of the requested documents.

Respectfully Submitted,

RYAN ABAIR

A COPY OF THIS DOCUMENT WAS FORWARDED VIA MAIL, E-FILE TO THE FOLLOWING PARTIES:

UNITED STATES COURTS FOR THE NINTH CIRCUIT

FASHION NOVA
2801 EAST 46TH STREET
VERNON, CA 90058

Case No. 5:25-CV-00087-JGB-DTB

22-1154

MOTION TO PIERCE THE CORPORATE VEIL

Plaintiff, RYAN ABAIR ,respectfully moves this Court for an order piercing the corporate veil of Defendant, FASHION NOVA , and holding its individual officers and shareholders liable for the judgment entered in this case. This motion is based on the following grounds:

FACTS:

Defendant FASHION NOVA has been found liable for COPYRIGHT INFRINGEMENT, INTELLECTUAL PROPERTY THEFT

The officers and/or shareholders of FASHION NOVA have treated the corporation as a mere alter ego to shield themselves from personal liability.
There is evidence of INTELLECTUAL PROPERTY THEFT, COPYRIGHT INFRINGEMENT.

ARGUMENT:

Plaintiff argues that Defendant's officers and/or shareholders should be held personally liable because they have used the corporate form to commit fraudulent or unjust acts, and to avoid legal obligations to creditors, including Plaintiff.

RELIEF SOUGHT:

Plaintiff requests the Court pierce the corporate veil and hold the officers and/or shareholders of FASHION NOVA jointly and severally liable for the judgment.

Respectfully Submitted,

RYAN ABAIR


THIS DOCUMENT HAS BEEN SERVED VIS MAIL, E-FILE TO THE FOLLOWING PARTIES:

UNITED STATES COURTS FOR THE NINTH CIRCUIT

FASHION NOVA
2802 EAST 46TH STREET
VERNON, CA 90058

EXHIBIT A

EXHIBIT B

EXHIBIT C